PERSON-LYNN LAW OFFICE
JAAYE PERSON-LYNN, ESQ. SBN 269614
200 Corporate Pointe, Suite 495
Culver City, CA 90230
Tel.: 310.642.0600
Fax.: 310.642.4710

Attorneys for Plaintiff,
MICHAEL D SIMPSON, Et al.,

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D SIMPSON, individually and as successor-in-interest to JAMAAL MICHAEL SIMPSON, deceased.<br><br>        Plaintiffs,<br><br>    vs.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF JIM MCDONNELL, DEPUTY GREGORY VAN HOESEN, and DOES 1 to 10 inclusive,<br><br>        Defendants. | Case No.: 2:21-cv-04403-FLA (JEMx)<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>1.  FALSE ARREST – WRONGFUL DEATH (Cal. Civ. Proc. Code § 377.60)<br>2.  BATTERY – WRONGFUL DEATH (Cal. Govt. Code § 820)<br>3.  NEGLIGENCE – WRONGFUL DEATH (Cal. Govt. § 820)<br>4.  VIOLATION OF BANE ACT (Cal. Civil Code §§ 52 and 52.1)<br>5.  VIOLATION OF CALIFORNIA GOIVERNMENT CODE § 845.6<br>6.  EXCESSIVE USE OF FORCE (42 U.S.C. § 1983)<br>7.  SUNSTANTIVE DUE PROCESS (42 U.S.C. § 1983)<br>8.  CUSTOM, PRACTICE or POLICY CAUSING VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983)<br>9.  UNLAWFUL SEARCH AND SEIZURE DETENTION & ARREST (42 U.S.C. 1983) |

## INTRODUCTORY STATEMENT

1.   This is a civil action seeking money damages against deputies of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and the COUNTY OF LOS ANGELES, for committing acts, under color of law, which deprived Plaintiff Michael Simpson of the lasting relationship with his son, Jamaal Michael Simpson, and deprived Jamaal Michel Simpson of his right to life and of other rights secured under the Constitution and laws of the United States and the State of California.

## JURISIDICTION AND VENUE

2.   This action is brought pursuant to Cal. Civ. Code §52.1, California Constitution Article 1 §1 and §13, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.   This court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367 (a) because those claims are so related to the federal claims that they form part of the same case or controversy under the Article III of the United States Constitution.

4.   The venue is proper in the Central District of Los Angeles County. This court is proper because Defendants reside in this district and the unlawful actions challenged occurred in this district.

## CLAIMS STATUTE REQUIREMENT

5.   On February 3, 2020, Plaintiffs Michael Simpson and the Estate of Jamaal Michael Simpson

filed a claim with the COUNTY OF LOS ANGELES in order to comply with applicable claim filing requirements. The COUNTY OF LOS ANGELES rejected said claims on February 25, 2020 and mailed the notice of the rejected claim February 27, 2020.

## **PARTIES**

6.    Plaintiff Michael Simpson, (hereinafter referred to "Plaintiff Simpson") is and was at all relevant times mentioned herein, a resident of the County of Los Angeles, State of California. Mr. Simpson is of African-American descent.

7.    Plaintiff Estate of Jamaal Michael Simpson (hereinafter referred to as "Plaintiff Estate" is and was at all times mentioned herein, a resident of the County of Los Angeles, State of California.

8.    Defendant COUNTY OF LOS ANGELES (hereinafter referred to as the "COUNTY" or "COUNTY OF LOS ANGELES") is a county corporation, organized and existing under the laws of the State of California. In this case, the COUNTY acted through individual officers of the Los Angeles County Sheriff's Department.

9.    Though Alex Villanueva is currently the elected Los Angeles County Sheriff, at the time of the killing on Jamaal Michael Simpson, Jim McDonnell was the elected Sheriff.

10.    Defendant SHERIFF JIM MCDONNELL (hereinafter referred to as "SHERIFF") was the Sheriff of the Los Angeles County Sheriff's Department when this cause of action arose.

11.    Defendant Deputy Gregory Van Hoesen (hereinafter referred to as "VAN HOESEN") is currently a Deputy Sheriff in the Los Angeles County Sheriff's Department.

12.    Plaintiffs are informed and believe that DEPUTIES, DOES 1-10, are and were at all times relevant for purposes of this action, deputies of the Los Angeles County Sheriff's Department.

13. DOES 1 to 10 are sued herein under fictitious names. Their true names are unknown to Plaintiffs. When their true names are ascertained, Plaintiffs will amend this Complaint by inserting their true names herein.

14. Plaintiffs are informed and believe, and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages herein alleged were proximately caused by those Defendants.

15. At all times referred to herein, Defendants DOES 1 to 10 acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of California, the COUNTYY OF LOS ANGELES, and the LOS ANGELES COUNTY Sheriff's Department, and pursuant to their authority as deputies, sergeants and detectives of said Department and COUNTY.

16. Plaintiffs sue Defendants DOES 1 to 10 each in their individual and official capacities.

## FACTS COMMON TO ALL COUNTS

**17.** Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-14 as though set forth in full herein.

**18.** On or about August 1, 2019, around 12:45am, Jamaal Michael Simpson was riding in the front passenger seat of a vehicle in the area of Inglewood, California, in the County of Los Angeles.

**19.** While riding in that motor vehicle, which committed no vehicle code or other violations, a Los Angeles County Sheriff vehicle started following the vehicle and eventually turned on their emergency lights to initiate a stop of that vehicle.

**20.** The driver of the vehicle Jamaal Michael Simpson was in did not pull over and continued to drive, heading South on Brynhurst Avenue, now in the City of Los Angeles.

21. The driver of the vehicle then made a left turn, headed east bound on West 71st Street and Jamaal Michael Simpson exited from the front passenger vehicle and traveled on foot South on Brynhurst Avenue.

22. The Los Angeles County Deputy Sheriffs ceased pursuing the motor vehicle and focused their efforts on Jamaal Michael Simpson who was on foot.

23. The Deputies, while Jamaal Michael Simpson was traveling South on Brynhurst while on foot, exited their vehicle and started shooting their Department Issued handguns at Jamaal Michael Simpson, hitting him several times including in his back, where Jamaal Michael Simpson's corpse had entry wounds.

24. Deputies started shooting at Jamaal Michael Simpson from nearly 30 feet away and then shoot him several times at point blank range while he was on the ground and unarmed.

25. Jamaal Michael Simpson sustained multiple injuries to his arms, chest, neck, hands, back and legs. Jamaal Michael Simpson expired on the ground on 71st Street.

26. No physical evidence of Jamaal Michael Simpson shooting a firearm was discovered as there was no holes in any walls or vehicles in the direction that the Deputies were coming from.

27. Expended casings from the deputies' firearms were found as far away as 30 feet from Jamaal Michael Simpson's body, and as close as 5 feet from his body.

28. Michael Simpson is the father of Jamaal Michael Simpson who was unmarried, with no children and whose mother had passed away previously.

29. As a further proximate cause of the acts of DOES 1-10 Plaintiffs were compelled to secure the services of an attorney at law, and by virtue thereof, Defendants are liable for reasonable attorneys' fees pursuant to Cal. Civ. Code §52.1.

## MONELL ALLEGATIONS

**30.** Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), COUNTY is liable for all injuries sustained by Plaintiffs set forth herein. COUNTY bears liability because its policies, practices and/or customs were a cause of DECEDENT'S death and Plaintiffs' injuries. COUNTY and its officials maintained or permitted one or more of the following official policies or customs:

**31.** A. Failure to provide adequate training and supervision to LASD Deputies with respect to constitutional limits on the use of deadly force;

**32.** B. Failure to provide adequate training and supervision to LASD DEPUTIES with respect to constitutional limits on the use of force and detention.

**33.** C. Failure to adequately investigate, take appropriate corrective action, discipline or retrain officers involved in misconduct;

**34.** D. Selection, retention, and assignment of deputies with demonstrable propensities for excessive force, violence, dishonesty and other misconduct:

**35.** E. Condonation and encouragement of deputies in the belief that they can violate the rights of persons, such as DECEDENT, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

**36.** F. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint and, in particular, the ratification of conduct and the wrongful death of DECEDENT.

**37.** G. Failure to train officers and press staff to report accurate information to public to protect the dignity of all persons and their family members.

**FIRST CAUSE OF ACTION**
**False Arrest – Wrongful Death**
**(Plaintiff MICHAEL SIMPSON as successor-in-interest against all Defendants and DOES 1-10, inclusive)**

38. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

39. Defendant DOES 1-10, individually and as peace officers, while working as Los Angeles County Sheriff Deputies, and acting within the scope of their duties, intentionally deprived DECEDENT of his freedom and movement by use of force, including deadly force, threats of force, menace, fraud, deceit and unreasonable duress. Defendants, individually and as peace officers, also detained DECEDENT. Said detention was made without reasonable suspicion. There was an attempt to arrest DECEDENT. Said arrest was attempted without probable cause.

40. DECEDENT did not knowingly or voluntarily consent.

41. The conduct of Defendants, individually and as peace officers, was a substantial factor in causing harm to DECEDENT.

42. County is Vicariously liable for the wrongful acts of Defendants, individually and as peace officers; pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

43. The Conduct of Defendants, individually and as peace officers; was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

44. Plaintiffs were dependent on the DECEDENT, including financially dependent.

45. Plaintiff is seeking wrongful death damages under this claim.

### SECOND CAUSE OF ACTION
### Battery – Wrongful Death (Cal. Govt. Code § 820)
### (Plaintiff MICHAEL SIMPSON as successor-in-interest against all Defendants and DOES 1-10, inclusive)

46. By this reference, Plaintiffs incorporate by reference each and every allegation and averment set forth in paragraphs 1through 43 of this Complaint as though fully set forth herein.

47. Defendant DOES 1-10, individually and as peace officers, while working as Sheriff Deputies for the Los Angeles County Sheriff's Department, and acting within the course and scope of their duties, intentionally shot DECEDENT to death. As a result of the actions by the Defendant DOES 1-10, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity for which the Plaintiffs are entitled to recover damages. Defendants had no legal justification for using force against DECEDENT, and said Defendant's force was unreasonable, especially since DECEDENT did not commit any crime when he was shot to death.

48. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care, sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also are claiming funeral and burial expenses, loss of benefits and gifts and loss of financial support.

49. COUNTY is Vicariously liable for the wrongful acts of Defendants, individually and as peace officers; pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

50. The Conduct of Defendants, individually and as peace officers; was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

51. Plaintiffs were dependent on the DECEDENT, including financially dependent.

52. Plaintiffs are seeking wrongful death damages under this claim.

### THIRD CAUSE OF ACTION
### Negligence – Wrongful Death (Cal. Govt. Code § 820)
### (Plaintiff MICHAEL SIMPSON as successor-in-interest against all Defendants and DOES 1-10, inclusive)

53. By this reference, Plaintiffs incorporate by reference each and every allegation and averment set forth in paragraphs 1through 50 of this Complaint as though fully set forth herein.

54. The actions and inactions of the Defendants, individually and as peace officers; were negligent and reckless, including but not limited to:

    a. The failure to properly assess the need to detain, arrest and use force or deadly force against DECEDENT;

    b. The negligent tactics and handling of the situation with DECEDENT;

    c. The negligent detention, arrest and use of force, including deadly force against DECEDENT;

    d. The failure to provide prompt medical care to decedent;

    e. The failure to properly train and supervise employees, both professional and non-professional, including Defendants.

PLAINTIFF'S COMPLAINT FOR DAMAGES

f.   The failure to ensure the adequate number of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

g.   The negligent handling of evidence and witnesses;

h.   Defendant VAN HOESEN and DOE OFFICERS' false reporting that DECEDENT possessed a gun was outrageous and unprivileged. Defendant VAN HOESEN and DOE DEPUTIES failed to use reasonable care to investigate the facts prior to reporting "fake news" to other COUNTY officials responsible to creating press releases or recklessly disregarded the truth.

i.   Defendant SHERIFF OF LOS ANGELES COUNTY's ratification and republication of VAN HOESEN and the DOE OFFICERS' statements after or without investigating said comments were outrageous and unprivileged.

j.   Defendant SHERIFF OF LOS ANGELES COUNTY and COUNTY'S negligent publication of DECENDENT'S alleged past to mislead the public by covering up an unjustified shooting and defaming DECEDENT'S character.

55. As a direct and proximate result of defendant's conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity for which Plaintiffs are entitled to recover damages. Also, as a direct and proximate result of Defendants' conduct alleged above, Plaintiffs, individually, have suffered and will continue in the future to suffer: extreme humiliation, embarrassment, depression, sleeplessness, emotional pain, emotional distress which culminated in physical injury and bodily injury, suffering, mental anguish,

inconvenience, loss of enjoyment of life, and other losses from the date of said acts all to
Plaintiff's damages in a sum as may be. Shown according to proof.

56. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support,
society, care, sustenance of DECEDENT, and will continue to be so deprived for the
remainder of their natural lives. Plaintiffs also are claiming funeral and burial expenses, loss
of benefits and gifts and loss of financial support.

57. COUNTY is Vicariously liable for the wrongful acts of Defendants, individually and as peace
officers; pursuant to section 815.2(a) of the California Government Code, which provides that
a public entity is liable for injuries caused by its employees within the scope of the
employment if the employee's act would subject him or her to liability.

58. Plaintiff was dependent on the DECEDENT.

59. The amount of Plaintiff's damages are not presently known, but they will seek leave of Court
to amend this Complaint when the exact amount of such damages have been ascertained or
will prove the same at trial.

60. The above recited actions of Defendants were done with malice, fraud, or oppression, and
reckless disregard of Plaintiff's rights. Defendants DOE OFFICERS and SHERIFF OF LOS
ANGELES COUNTY engaged ibn their offensive conduct despite their awareness of the
effect on Plaintiffs. As a result of these and other actions, Plaintiff is entitled to an award of
punitive damages against all Defendants excluding COUNTY.

61. Plaintiffs are seeking wrongful death damages under this claim.

### FOURTH CAUSE OF ACTION
### Violation of the Bane Act (Cal. Civil Code §§ 52 and 52.1)
### (Plaintiff MICHAEL SIMPSON as a successor-in-interest against all Defendants and DOES 1-10, inclusive)

PLAINTIFF'S COMPLAINT FOR DAMAGES

62. By this reference, Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 59 of this Complaint as though fully set forth herein.

63. As alleged herein, Defendants interfered by threats, intimidation, or coercion with DECEDENT's rights under state and federal laws and under the state and federal Constitutions including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity, including their rights under California Civil Code § 43, California Penal Code §§ 149, 240 and 242, and his Fourth and Fourteenth Amendments to the United States Constitution and their rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

64. The Eighth Amendment to the United States Constitution and Article I of the California Constitution guarantee the right of persons to be free from cruel and/or unusual punishment. Defendants, by engaging in deliberate indifference to DECEDENT's serious medical needs, interfered with DECEDENT's enjoyment of his rights under federal and California law, thus giving rise to claims for damages pursuant to California Civil Code § 52.1.

65. Defendants' conduct caused DECEDENT extreme pain and suffering, and loss of life, earning capacity and his relationship with his parents, friends and family.

66. As a result of their conduct, Defendants' are liable for DECEDENT's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

67. As a direct and proximate cause of the aforementioned Defendants' acts, Jamaal Michael Simpson was injured, suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness,

emotional distress, medical expenses, funeral and burial expenses, attorney's fees, costs of suit, other pecuniary losses not yet ascertained.

68. Plaintiff brings this claim as successor-in-interest for DECEDENT's estate and seeks statutory damages under California Civil Code §§ 52, as well as compensatory and punitive damages according to proof.

## FIFTH CAUSE OF ACTION
### Violation of California Government Code § 845.6
### (Plaintiffs THE ESTATE OF JAMAAL MICHAEL SIMPSON and MICHAEL SIMPSON against all Defendants and DOES 1-10, inclusive)

69. By this reference, Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 66 of this Complaint as though fully set forth herein.

70. Defendants knew or had reason to know that DECEDENT was a prisoner of the Los Angeles County Sheriff's Department once he was shot and was no longer leaving on his feet, and DECEDENT was in need of immediate medical care and failed to take reasonable action to summon such medical care.

71. As a direct and proximate cause of the aforementioned Defendant's acts, DECEDENT was injured as set forth above.

72. Plaintiffs' injuries entitle them to damages pursuant to California Government Code § 845.6.

## SIXTH CAUSE OF ACTION
### EXCESSIVE USE OF FORCE & DENIAL OF MEDICAL CARE (42 U.S.C. § 1983)
### (Plaintiff MICHAEL SIMPSON as successor-in-interest of JAMAAL MICHAEL SIMPSON against all Defendants DOES 1-10, inclusive)

73. By this reference, Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 70 of this Complaint as though fully set forth herein.

PLAINTIFF'S COMPLAINT FOR DAMAGES

74. Defendants, individually and as peace officers, unjustified shooting deprived DECEDENT on his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

75. The unreasonable use of force by Defendants, individually and as peace officers, deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

76. As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity for which THE ESTATE OF JAMAAL MICHAEL SIMPSON is entitled to recover damages. Plaintiff has also been deprived of life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life. Plaintiff is also claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

77. As a result of the conduct of Defendants, individually and as peace officers, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

78. Defendants, individually and as peace officers, knew or should have known that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and death.

79. This use of deadly force was excessive and unreasonable under circumstances, especially since DECEDENT had done nothing violent before, during and after he was shot to death.

Defendants' actions, individually and as peace officers, thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to the state actors by the Fourteenth Amendment.

80. The conduct of Defendants', individually and as peace officers, was willful, wanton, malicious and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

81. Plaintiff seeks damages as successor-in-interest to Decedent and as representatives of the DECEDENT's estate.

82. Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

### SEVENTH CAUSE OF ACTION

### SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)
**(Plaintiff MICHAEL SIMPSON as successor-in-interest of JAMAAL MICHAEL SIMPSON against all Defendants DOES 1-10, inclusive)**

83. By this reference, Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 80 of this Complaint as though fully set forth herein.

84. Plaintiff has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with DECEDENT.

85. DECEDENT has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them

PLAINTIFF'S COMPLAINT FOR DAMAGES

from life, liberty, or property in such a manner as to shock the conscious.

86. As a result of the shooting by Defendant DOES 1-10, individually and as peace officers, DECEDENT died. Plaintiff was thereby deprived of his constitutional right of familial relationship with DECEDENT.

87. Defendants, individually and as peace officers, acting under the color of state law, thus violated the Fourteenth Amendment of Plaintiff to be free from unwarranted interference with his familial relationship with his DECEDENT.

88. The aforementioned actions of Defendants, individually and as peace officers, along with other undiscovered conduct, shook the conscious, in that they acted with deliberate indifference to the constitutional rights of DECEDENT, and with purpose to harm unrelated to any legitimate law enforcement objective.

89. As a direct and proximate cause of the acts of the Defendants, individually and as peace officers, DECEDENT experienced severe pain and suffering and lost his life and earning capacity for which the ESTATE OF JAMAAL MICHAEL SIMPSON is entitled to recover damages.

90. The conduct of Defendants, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

91. Plaintiff seeks punitive damages against the individual Doe Officers.

92. Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

**EIGHTH CAUSE OF ACTION**
**Custom, Practice or Policy Causing Violation of Civil Rights (42U.S.C. § 1983)**
**(Plaintiff MICHAEL SIMPSON as successor in interest against County, Sheriff and DOES 1-10 inclusive)**

PLAINTIFF'S COMPLAINT FOR DAMAGES

93. By this reference, Plaintiffs incorporate each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

94. Defendant County, is and at all times herein mentioned, has been a public entity and an incorporated County duly authorized and existing as such in and under the laws of the State of California and at all times herein mentioned, Defendant County possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Los Angeles County Sheriff's Department and its tactics, methods, practices customs and usages.

95. At all times relevant to this Complaint, Defendants DOES 1 to 50, worked as sheriffs of the COUNTY OF LOS ANGELES, were acting under the direction and control of the COUNTY OF LOS ANGELES, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, dishonesty and numerous other serious abuses of their powers as peace officers in the employment of the COUNTY.

96. The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendant COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT include, but are not limited to:

a. Defendants COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT'S use of force policy allows for the use of deadly force when a suspect does not have a weapon in their hand if the officer speculates that it can be used against the officer or

another person. LASD Use of Force Policy 3-10/020.00 Deorle v. Rutherford, 272 F.3d 1272, 1281 9th Cir. 2001) (a "simple statement by an officer that he fears for his safety or the safety of others is not enough; there must be objective factors to justify such a concern");

b.  Defendants COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT have failed to properly train its officers on how to handle situations where officers encounter a perceived threat;

c.  Defendants COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT had knowledge, prior to and since this incident, of similar allegations of wrongful and unlawful battery, dishonesty and improper tactics, and corruption by LOS ANGELES COUNTY SHERIFF'S DEPARTMENT employees, including the individual Defendants herein, and refused, with deliberate indifference, to enforce established administrative procedures to insure public safety, protection of citizens' rights and the PLAINTIFF's liberty interests;

d.  Defendants COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT refused to adequately discipline individual employees found to have committed similar acts of dishonesty and misconduct;

e.  Defendants COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT EMPLOYEES;

f. Defendants COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT reprimanded, threatened, intimidated, demoted and fired employees who reported acts of abuse by other COUNTY and LOS ANGELES COUNTY SHERIFF'S employees;

g. Defendants COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT covered up acts of misconduct and abuse by COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT employees and sanctioned a code of silence by and among LOS ANGELES COUNTY SHERIFF DEPARTMENT employees;

h. Defendants COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT policy manual. The manual contains various policies that LOS ANGELES COUNTY SHERIFF'S DEPARTMENT employees are required to abide by. In particular, it requires its deputies to immediately report "use of force" incidents to a supervisor when an individual indicates intent to pursue litigation." This enables the COUNTY to begin the cover-up of misconduct at its inception. The cover-up continues because the COUNTY policy directs the supervisor to record interviews with complainants and prepare a memorandum to be sent to the "appropriate channels." Furthermore, the COUNTY directs the Sheriff's Department to have a civil liability response team be notified immediately following the incident. This civil response team is also given access to the investigation. The COUNTY's overwhelming concern with civil liability protection prevents the COUNTY from properly investigating complaints of police misconduct/excessive force and monitor the actions of its employees.

i. Defendants COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT failed to adequately supervise the actions of employees under its control;

j. Defendants COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT failed to adequately train and supervise its deputies and employees in contacting civilians and making stops based only on reasonable suspicion and probable cause, instead, among other things, allowing officers to profile individuals in a racially discriminatory fashion.

k. Defendants COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT failed to adequately train, supervise and control Sheriff Deputies in making traffic stops and detentions based on probable cause by, among other things, allowing them to carry out roadside interrogations followed by unwarranted searches and seizures, investigations and arrests without reasonable suspicion or probable cause;

l. Defendants COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT failed to adequately train, supervise, and control LASD Deputies in use of force, including physically restraining individuals not reasonably suspected to be armed and dangerous, and including the use of arm hold techniques to deliberately cause pain and injuries;

m. Defendants COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT condoned and participated in the practice of prosecuting groundless criminal charges for the purposes of insulating the COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT employees from civil liability and reducing or dismissing criminal charges against individuals in return for releasing them from civil liability;

n. Defendants COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT tacitly condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct;

o. Defendants COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT tacitly condones and encourages use of excess force on citizens;

p. Defendants COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by August 1, 2020, and thereafter, represented the unconstitutional policies, practices and customs of the COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT.

97. Defendants COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT arrest, unlawful traffic stop and unlawful use of force of Plaintiffs are a part of practice and pattern of the County of Los Angeles' unlawful mistreatment and criminalization of African-Americans. Specifically Descendants of American Slavery.

98. Media reports reveal that the COUNTY has high numbers of shootings and excessive force in comparison to other similar California Counties on a per capita basis.

99. The following are a list of incidents exemplifying the aforementioned policies, customs, practices and usages of Defendants COUNTY and LOS ANGELES COUNTY SHERIFF DEPARTMENTS:

a. On January 10, 2014, Los Angeles County Sheriff Department Deputies first approached Kejon Kessee who was sitting in his car in front of his girlfriend, Giovanni Nellum's, home. After Mr. Kessee decided not to speak with deputies, the deputies drove off. The deputies lied in wait until Mr. Kessee got out of his vehicle. When Mr. Kessee exited his vehicle, the Deputies then ran up to Mr. Kessee, tripped him and tackled him to the ground before handcuffing him. Ms. Nellum was simply trying to record the attack with her cellphone when she was grabbed by the deputies and arrested as well as Mr. Kessee. Both Mr. Kessee and Ms. Nellum were charged with a crime. Both charges were dismissed and both sued the LASD. Mr. Kessee and Ms. Nellum are African-American.

b. On the evening of August 13, 2013 while driving eastbound on 120th Street a car full of three Black men and a 4 year old Child were pulled over for no lawful reason but claimed the stop was due to no seatbelt. The deputies immediately handcuffed all adult occupants and placed them in the back of the patrol car while leaving the 4 year old child in the car by himself. The deputies then unlawfully searched the cellphone of Terence Lawson, the front seat passenger. In the messages on Mr. Lawson's phone the deputies saw a picture of a gun and started threatening Mr. Lawson with arrest if he didn't tell them where the gun was. After nearly an hour, the mother of the 4 year old child came outside and asked to retrieve her son. At that point, the deputies threatened to take the woman's child if she did not let them search the apartment she shared with Mr. Lawson. Tearfully, the woman agreed. The deputies then searched the home, over the objection of Mr. Lawson and ultimately arrested him and charged him with illegal possession of a firearm. That case was dismissed due to the unlawful search and seizure. Mr. Lawson is African-American.

c. On September 06, 2014, Deputy Sheriffs pulled over a vehicle with three Black men Jonathan Rogers, Gerald Lynn Mason and Cameron Perry in Hawthorne, California, for no lawful reason. The deputies pulled all of the men out of the vehicle, handcuffed them, and put them in the patrol car. The deputies then searched the vehicle without consent and made a false police report about what they found claiming they found no cannabis recommendation card and no means of injection when there were three cards, a bong and multiple cigars used to ingest cannabis. All the men were arrested and charged with possession for sales of marijuana and that case was dismissed against all of the men once the proof was uncovered about the deputies' lies.

d. On June 6, 2019, two Los Angeles County Deputy Sheriff's approached a parked vehicle on private property with their guns drawn. The deputies opened the rear seat door and when the vehicle started backing out, the deputies shoot several times into the vehicle despite no one in the vehicle having any weapons. Once the vehicle stopped, one of the deputies retreated to the trunk of the patrol car and pulled out an AR-15 style rifle and shot multiple times at Ryan Twyman, and African-American man who was unarmed. In all, deputies fired 34 shots at an unarmed man, killing him.

100. On information and belief, Defendant DOE Deputies attended training programs related to anti-discrimination prior to the incident with Plaintiff.

101. On Information and belief, Defendant DOE Deputies attended training programs related to use of force prior to the incident with Plaintiffs.

102. On information and belief, Defendant DOE Officers attended training programs related to investigation of crimes and lawful arrest prior to the incident with Plaintiff.

103. Despite DOE Officers receiving training that designed to prevent the conduct described in this Complaint, DOE Deputies violated Plaintiff's constitutional rights as described in the complaint.

104. Prior to the incident, COUNTY knew its training program was insufficient to prevent the type of conduct experienced by Plaintiff but did nothing to prevent the conduct.

105. Furthermore, the COUNTY has implemented a training policy that creates a training committee to review personnel training records of its officers that is inadequate because it's review when an incident involves death or serious bodily injury, high risk of death, serious injury or civil liability. Thus, absence of reviewing all deputies personnel files following complaints of racial animus, profiling, discrimination, dishonesty, and misconduct does not allow the COUNTY to have meaningful review of its officers to determine the appropriate training needs of its deputies.

106.     Furthermore, the COUNTY has implemented a use of force review board that is wholly

inadequate because it is only observed when a use of force results in death or very serious injury to

another.  Thus, absence of reviewing all deputy's conduct/use of force following complaints of racial

animus, profiling, discrimination, dishonesty and misconduct does not allow the COUNTY to have

meaningful review of its officers to determine the appropriate discipline.

107.     The Los Angeles County Sheriff may initiate a use of force review board.

108.     Furthermore, the Sheriff of Los Angeles County is the final decision maker to determine if

employee's actions were within policy and procedure and will determine whether any additional

actions, investigations or reviews were appropriate.

109.     On information and belief, the Sheriff of Los Angeles County reviewed the conduct described

in the complaint and either initiated a review of the conduct of DOE deputies or declined the review

of the conduct.

110.     On information and belief, the use of force review board submitted its recommendation

related to DOE OFFICERS conduct described in the complaint to the LOS ANGELES COUNTY SHERIFF.

111.     On information and belief, the Los Angeles County Sheriff reviewed the use of force review

board recommendation and concluded that no discipline was needed, thus ratifying the conduct of

DOE Deputies.

112.     The aforesaid policies, customs, practices and usages described in this complaint were the

moving force that caused DECEDENT to be subjected by unconstitutional policing by DOE DEPUTIES

on August 1, 2020.

113.     By reason of the aforesaid policies, customs, practices and usages, PLAINTIFF'S Fourth and

Fourteenth Amendments to the United States Constitution were violated.


## FOURTH CAUSE OF ACTION
## UNLAWFUL SEARCH AND SEIZURE – DETENTION AND ARREST (42 U.S.C. § 1983)

**(Plaintiff MICHAEL SIMPSON as successor-in-interest of JAMAAL MICHAEL SIMPSON against all Defendants DOES 1-10, inclusive)**

114.    By this reference, Plaintiffs incorporates each and every allegation and averment set forth in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

115. Defendants, individually and as peace officers; caused Plaintiff to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

116. As a result of the conduct of Defendants, individually and as peace officers; they are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent violations.

117. The DECEDENT was detained without reasonable suspicion and arrested without probable cause.

118. The Conduct of Defendants, individually and as sheriff deputies by seeking to arrest DECDENT, who had not committed any vehicle code violations or given any consent to search his person, was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

119. Plaintiff seeks damages as the directly aggrieved party.

120. Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them as follows:

1.  For compensatory (or general) damages, under federal and state law, in an amount to be proven at trial;

2.  For Special Damages under federal and state law, in an amount to be proven at trial;

3.  For Punitive damages as to DEPUTIES DOES 1 to 50 in their individual capacity, an amount appropriate to punish Defendants and deter others from engaging in similar misconduct, in an amount to be proven at trial;

4.  For prejudgment interests;

5.  For reasonable costs of this suit incurred herein;

6.  For reasonable attorney's fees pursuant to 42 U.S.C. § 1983 & Civ Code §52.1(h) and casts as provided by law;

7.  Loss of earnings, past and future;

8.  For interest as allowed by law;

9.  For such other and further relief as the Court may deem proper;

## **DEMAND FOR JURY TRIAL**

PLAINTIFFS hereby demand a trial by jury.


DATED: July 2, 2021                     Respectfully Submitted,

                                        PERSON-LYNN LAW OFFICE


                                        /s/ Jaaye Person-Lynn
                                        JAAYE PERSON-LYNN, ESQ.
                                        Attorney For Plaintiffs